By statute, the position of the United States means both the position of the United States in the civil action, i.e. the litigation position that the government's attorney is taking, and the underlying agency decision, which in this case is the ALJ's decision. That's plain language of the statute. So to determine whether the position of the United States was substantially justified, at least initially, we must, of necessity, be able to examine in isolation the reasonableness of the ALJ's decision without knowing how the district court ruled on that decision. This is so because the district court ruling does not make the underlying agency action either more reasonable or less reasonable than it was when the agency undertook that action, in this case, issuing the ALJ's decision. The district court is not a time machine through which its decision travels back in time to alter the ALJ's decision. As part of that initial examination, we do look at the ALJ's or at the district court's decision. In this case, the district court addressed one aspect of an ALJ's decision and found that it was substantially justified. While we disagree with that determination, that doesn't stop it. In this case, as the footnote 5 in the Flores court suggested, they use the term, at least initially, we look at the reason the ALJ or the district court reversed and remanded. But then if that is found to be substantially justified, it may be necessary to look at the other arguments raised but not addressed by the court. Well, isn't footnote 5 obiter dictum? Footnote 5 is dictum. And from my reading of or research into this particular issue, the government relies quite heavily upon the Lewis case. But all Lewis did was cite Flores, the Flores proper case, excluding the footnote. But that doesn't set precedent here because Lewis didn't involve, as this case does, a case where the district court did not reach some of the multiple issues raised. So in that case, we essentially are faced with the situation we had in Sorenson v. Mink, where the court held that merely assuming a point without discussion doesn't establish precedent. Unstated assumptions on non-litigated issues are not precedential holdings binding future panels. So if we treat the ALJ's decision as an inclusive whole, in this case, as the Supreme Court precedent in Jean and in this court's own precedent in Al Harbi instructs, Hardesty is entitled to EJIA fees. This is because it's the government's burden to prove that its position at the agency level was substantially justified. The government's response to Hardee's initial EJIA application and to the district court's order for supplemental briefing on that substantially justified issue makes absolutely no reference to the totality of the ALJ's decision, focusing instead solely on the single error that led the district court to award benefits. The government has waived the defense of substantial justification with regard to those six unreached elements of the ALJ's decision. So if we then accept as, for sake of argument, the district court is correct that the first issue it addressed was substantially justified, nevertheless, when we look at the totality of the ALJ's decision, the government has waived the right even to defend on that. And because it is their burden in the first place to prove they were substantially justified, they've waived that. And I think Hardee ---- I'm not sure if that really follows. Remember, we start from the presumption that the sovereign immunity. So only to the extent that the United States has waived immunity and exposes itself to payment of fees under these narrow circumstances, we have to construe the statute narrowly, don't we? We do have to construe it narrowly, but in that narrow construction, the plain language of the statute places the burden on the government to show substantial justification. If they choose not to carry that burden and to put all their eggs in the one basket, so to speak, then that is a choice. Even with respect to issues that did not form the basis for the decision? I believe so, Your Honor, because Gene has been out there for years now. Hardee is not a new case, and the government was on notice that the entirety of the ALJ's decision at the agency level was to be substantially justified. They chose not to defend the entirety. They focused only on the one issue. One of the things that concerns me about this is we have this guidance from Buchanan recently from the Supreme Court of the United States which suggests that we don't want to create a whole series of collateral litigation over issue by issue by issue. Did the government substantially justify its position? It doesn't specifically go to this point, but isn't it consistent with the idea that we don't want to create separate lawsuits whenever we can avoid them? It is, and I think that if the Commissioner were to accept the concept that they do have the burden to look at the inclusive whole of the ALJ's decision rather than as the individual atomized line items of the issues we raised, they themselves would determine that it wasn't necessary for the court to go ahead and address all those issues. They can make their own choice. That overall, this ALJ's decision was not substantially testified. But are you suggesting that we impose a rule that the trial judge has to take each issue that wasn't even argued and decide whether or not each specific issue was substantially justified? I believe that is. That's how it has traditionally been done, Your Honor. Okay. But I don't believe it's necessary for the court to do that. Under the Forney case, it's not cited in the briefs, but it went up to the Supreme Court. It held that when a claimant was unsuccessful at the district court, they got a remand for additional proceedings. They had the right immediately to appeal. We also don't want to create a situation where we have multiple Forney-type appeals just because we didn't get the court to address all of those issues. And this has the potential to spawn all kinds of collateral litigation just over this silly issue of fees. And I think that's a good point, Justice Kennedy, because we are looking at the weakest issue in the case that the court decides to remand on, the strong and perhaps egregious issues were never addressed. That doesn't give the entirety of the ALJ's decision. So in effect, you're suggesting that this Court ought to say that in every one of these cases, if you have any substantial justification or if the government is found not to have substantial justification on any one of them, that that might lead to attorney's fees. So argue every one of them in front of the district court every time. Is that what you're really saying? Only, I think, in a theoretical sense. As a practical sense, I don't think that the court is going to necessarily have to do that. I think if the district court's decision in this case is upheld by this panel, then that's essentially what the outcome would be. But I don't believe in practical terms that the district court's. I mean, this isn't new. The EJ has been around since 1981, and the court routinely doesn't address all of the issues raised. And although in this case perhaps not, government's counsel is normally as reasonable as we are. And I think we would agree to settle these without involving the district court's addressing and reaching a decision in writing, at least, on each of those issues. But even if the court does. If, in fact, the government picks its strongest issues and leaves the rest alone and comes before the district court and presents its strongest issues, and the district court does not agree with them about the strongest issues, but understands that there could be some meritorious argument raised about those issues, just doesn't agree with the government, then the district court comes out in the same place it did here, didn't they? I mean, the district court was really saying, we don't agree with everything that the government says. We're going to go the other way. But there was merit in what they brought before us. And therefore, we shouldn't give fees. I'm not sure I follow you, Judge. Are you suggesting that the district court implied that, sub silencio, just because it didn't address the other issues? Well, what I'm suggesting is in the issues raised, the district court suggested there was enough in there that it was worth the government's appeal, even though he didn't agree with them. You don't agree with that? I do not agree with that as far as I understand the question, Your Honor. All right. Okay. I have 10 seconds. I'd like to reserve. You may reserve them. We'll hear from the Commissioner. Good morning, Your Honors. I'm Catherine Miller on behalf of the Commissioner of Social Security. And the fundamental issue in this case is whether the district court abused its discretion in finding that plaintiff's counsel was not entitled to attorney fees. It's our position the district court applied the correct legal framework to find the Commissioner was substantially justified. As a threshold matter, the district court decided the correct scope of inquiry as established by the law in the Ninth Circuit was to look for the issue that was the basis for remand in this case, which was the ALJ's credibility analysis. And appellate. When you say the Ninth Circuit law, what case are you referring to? I'm talking about Flores and Lewis. Flores doesn't say that. Yes, they restrict the scope of inquiry to the issue on remand. And the reason why that is is those cases flow from the Malconian and Schaefer v. Shalala cases. In order to be a prevailing you can be a prevailing party in a Social Security case if your case is remanded for further proceedings under Sentence 4. This was also a Sentence 4 case. You lost me. Try that again. Run that by me again. I didn't follow you. Well, you can be a prevailing party in a Social Security case if your case is remanded for further proceedings under Sentence 4 or remanded for reverse and reverse for benefits. Right. Both Flores and Lewis focused on the issue that was the basis for remand in determining whether a party was one, a prevailing party. What was the issue the party prevailed on? What was the decision? And the nub of the proceedings I think Lewis talks about. So that's the starting point. And then what you need to do is look at that decision that made them the prevailing party, and they're entitled to each of these unless the government can show that their position with regard to that decision which made the plaintiff the prevailing party, we were substantially justified. That's the analysis. Doesn't Flores' footnote, I've forgotten the number, suggest that grounds other than the one that was the subject of the remand can be considered in determining fees? Well, they certainly Yes. There is the obiter dictum, which is a remark and a comment. And it is dicta, however. And it's our position that it's even doubtful whether you can even address the issue of substantial justification completely divorced from any judicial ruling on an issue. There has to be either a finding of error, acceptance, or rejection of an issue. And the parties didn't really discuss the Buchanan case, but I did note that the district court cited to it. And Justice Scalia's concurring opinion talks quite a bit about the term of our prevailing party in the various fee-shifting statutes, and says that prevailing party. We don't have prevailing party as an issue in this case, do we? It's not. Well, it is in a sense insofar as you could say It's substantially justified is what we're concerned about. Yes, but you could essentially say those issues that were never addressed by the court, that appellant says we waived, which we feel we don't need to address, because there's been no judicial ruling on that. And my point is that Justice Scalia says you cannot be a prevailing party in the absence of a judicial ruling. So, for example, if you have a directed verdict, and there's been and you secure the reversal of that verdict, you haven't prevailed on anything. You've simply – I mean, there's been no judicial ruling, there's been no judicial imprimatur on anything. So as a practical matter, you can't decide substantial justification in a vacuum in the absence of some sort of acceptance or rejection of the plaintiff's or of the party's position. It just can't be decided in a vacuum. And it would also result in an unworkable system where district courts would have to address every single assignment of error, which is completely unworkable. Courts, as a matter of course, decide issues on one or two – decide cases on one or two issues. And in the Social Security context, this happens quite a bit. We have a five-step sequential evaluation. Hypothetically, a district court could decide a case at step three. Find plaintiffs disabled. Parties have briefed steps four and five. Does that mean when we come back to the EJIA inquiry, the court has to address steps four and five? That would be unworkable. It would be requiring courts to expend scarce judicial resources on non-dispositive issues. It does potentially result in some unfairness or result that's kind of contrary to the idea of awarding attorneys' fees, though, isn't it? I mean, if the claimant's got a good case and appeals to the district court on three grounds and the court picks one, it's maybe substantially justified, but the other two aren't. But the court didn't decide on that. Isn't that a concern? My answer to that would be you can't determine substantial justification on the issue of assignment of error. There has to be a judicial ruling. Just because appellants' counsel says all these errors occurred, they're putting themselves in the place of the judge. Judges say what error occurred. They say what, you know, they change the relationship of the parties. Appellants' counsel's assignments of error are not error. And, yes, it does seem unfair sometimes, but the EJIA is not an automatic fee-shifting statute. There's a two-layer analysis, prevailing party and whether the government was substantially justified. And there are going to be the rare occasion where the government is substantially justified and reasonable persons could differ as to what the agency did. Here did I answer your question, first of all? I just want to make sure. I think so. Okay. Here the – pardon me. What about the specific merits of the ruling here in this case? Right. Well, here that's exactly what the district court found. They found that in the merits proceeding, even though there was one error in the EJIA inquiry, they found – and they identified one error, and they were unpersuaded by the ALJ's credibility, findings with regard to criminal history, material inconsistencies in witness testimony as well as the treating doctor's report. They found that reasonable persons could differ as to whether the ALJ's reliance on those factors were clear and convincing. And the district court found there was a reasonable basis in law and fact with regard to each of those factors. Plaintiff admitted his criminal history. There's reference in the record he has a forgery – he spent time in prison for forgery. He testified that he had a criminal history, and it is an old criminal history. But the Federal rules of evidence do not strictly apply in Social Security proceedings. So the ALJ was entitled to rely on that and appraise plaintiff's credibility, particularly in light of the material inconsistencies in the plaintiff's testimony and the lay witness testimony. What's the best case on substantial justification? What – which interprets that term? You know, it's a very difficult issue because these – it's – cases have such tortured procedural histories, it's very difficult to look at that. But I would say that the Schaeffer case recently really clarifies that the question is not whether – what you look at is whether the government's decision to defend error is substantially justified at each stage of the proceeding, not as to each assignment of error. So really, the emphasis is on defending error. Now, they do say procedural error, but error is error. And it seems to me that that is a preliminary requirement to the substantial justification inquiry. I'd just like to note that the Seventh Circuit case cited by Appellant to Supplemental Authority in the 28J letter, it wasn't briefed by the parties, but I am somewhat familiar that other circuits, such as the Fourth Circuit and the Seventh Circuit, have a totality of circumstances analysis. Even in those cases, if you look closely at the Stewart case, the circuit court looked at those issues the district court identified as error. They didn't look at unaddressed issues at all. So even under a totality of the circumstances test, if you apply it here, there's only one error. And the operation of the credit as true rule in this case, the court didn't address those other issues. You didn't mention Pierce v. Underwood, but I assume that's a instructive one? Oh, yes. Pardon me. Yes, of course, you would want to start at Pierce v. Underwood, because in that case they do talk about the purpose of EJ and also make the point that the fact that a reviewing court decides a case on one or two issues and doesn't reach other issues does not mean the government is not substantially justified. It can simply mean the court is being efficient. Thank you, counsel. Your time has expired. Mr. Wilburn, you have a little time. Use it wisely. Thank you, Your Honor. I'd like to address the government's quote to the Schaeffer case as being the strongest case in support of their argument. Schaeffer actually, if you take it at face value, requires awarding fees to us. On the issue, the district court decided, justified benefits. In Schaeffer, the court said, the ALJ failed to provide clear and convincing reasons for discrediting Schaeffer's subjective complaints. And then it goes on. That is almost an exact quote from the district court's holding in this case on the credibility issue. In Hardesty's case, at excerpts 826 and 7, the district court found, on this record, the court finds the ALJ did not provide clear and convincing reasons for finding claimant's testimony not credible. Same standard as in Schaeffer. It goes on. The court, therefore, concludes the ALJ erred when he failed to provide a legally sufficient basis supported by the record for rejecting claimant's testimony. Now, what about the test in Pierce v. Underwood, which says, and I quote, a reasonable basis in law in fact. Exactly. And my position is that, regardless of the facts, there is no reasonable basis in law because by the district court's own express language, the ALJ failed to provide legally sufficient reasons. Clear and convincing. That's the same standard addressed in Schaeffer. And then at excerpts A3, on the basis that the ALJ did not provide clear and convincing reasons for discrediting the claimant's testimony, it reverses. Very well. Thank you, counsel. The case just argued will be submitted for decision, and the court will adjourn.
judges: Whyte, O'scannlain, Smith M.